## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA CHARLOTTESVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

July 14, 2025
LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
DEPUTY CLERK

|  |  |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. FISH AND WILDLIFE SERVICE, )<br>)<br>Defendant. )<br>) | Case No. 3:25-cv-00057<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br>**Fed. R. Civ. P. 7** |

## INTRODUCTION

1.      This lawsuit challenges the failure of the U.S. Fish and Wildlife Service ("FWS") to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in response to a request for public records and seeks declaratory and injunctive relief.

2.      On January 16, 2025, Plaintiff Southern Environmental Law Center ("SELC"), a nonprofit public interest organization dedicated to protecting the people and environment of the southeastern United States, submitted a FOIA request to FWS for documents, communications, and other public records related to three reports prepared or issued by FWS and described in more detail below. That request (hereinafter "the FOIA Request") is attached hereto as Exhibit 1.

3.      Although FWS acknowledged receipt of the request, it has since failed to meet its statutory obligations to comply with statutory deadlines, make a determination on the FOIA Request within twenty working or business days of receiving it, conduct an adequate search for responsive records, produce responsive nonexempt records, provide reasons for withholding any documents, and notify SELC of its rights for resolving disputes and appealing any adverse determination under FOIA. 5 U.S.C. § 552(a)(6)(A).

4.      SELC therefore seeks a declaration that FWS has violated FOIA and an order

requiring FWS to search for and produce all responsive and nonexempt records without further delay, as provided under FOIA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. §§ 2201-02 (authority to issue a declaratory judgment and further necessary or proper relief).

6.      Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because FWS has "fail[ed] to comply with the applicable time limit provisions" of FOIA. SELC is thus now entitled to file suit in federal district court to compel compliance with FOIA.

7.      Venue is proper in this District, and the Charlottesville Division in particular, under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because the requester, Plaintiff SELC, has its principal place and resides here.

## PARTIES

### Plaintiff Southern Environmental Law Center

8.      Plaintiff SELC is a 501(c)(3) nonprofit public interest environmental law firm with a focus on six southeastern states, including Virginia. SELC is headquartered and has its principal place of business at 120 Garrett Street in Charlottesville, Virginia.

9.      SELC is a "person" for purposes of FOIA. 5 U.S.C. § 551(2).

10.      SELC collaborates with partner organizations who depend on its legal expertise to complement and strengthen their efforts. SELC works with its partners and clients, exclusively on a pro bono basis, to promote the public interest.

11.      SELC communicates broadly with the public through a wide variety of media,

including its website, its newsfeed, press releases, reports, interviews with the media, and

presentations to other organizations and the general public. Over the past several years, SELC

has used many of these tools to communicate information and raise public awareness about the

benefits of wetlands, the loss of valuable wetlands in North Carolina, and the need to protect

wetlands to preserve and restore the benefits they provide to North Carolinians.

12.     SELC disseminates information obtained from FOIA requests to its clients,

partners, and the general public through its website, selc.org, which is updated regularly, as well

as through press releases, media interviews, reports, social media, and public comment letters.

SELC attorneys also regularly attend and speak at public meetings and hearings throughout the

South, where they relay information and data obtained through FOIA requests.

### Defendant FWS

13.     Defendant FWS is a federal agency or bureau within the Department of the

Interior. 16 U.S.C. § 742b.

14.     FWS is an "agency" for purposes of FOIA. 5 U.S.C. §§ 551(1); 552(f)(1).

15.     Upon information and belief, FWS has in its possession or control records and

information responsive to SELC's FOIA Request.

## LEGAL BACKGROUND

### Freedom of Information Act

16.     In enacting FOIA, "Congress sought 'to open agency action to the light of public

scrutiny' . . . by 'requiring agencies to adhere to a general philosophy of full agency disclosure.'"

*U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (citations omitted) (quoting *Dep't

of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 442 (1989)). "Congress believed

that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the

functioning of a democratic society.'" *Id.* (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437

U.S. 214, 242 (1978)). Thus, "FOIA 'shines a light on government operations to check against

corruption and to hold the governors accountable to the governed.'" *S. Env't L. Ctr. v. Council on

Env't Quality*, 446 F. Supp. 3d 107, 109 (W.D. Va. 2020) (quoting *Coleman v. Drug Enf't Admin.*,

714 F.3d 816, 818–19 (4th Cir. 2013)).

17.     To that end, FOIA requires federal agencies to make responsive "records"

available upon request. 5 U.S.C. § 552(a)(3)(A). The term "record" generally encompasses "any

information . . . maintained by an agency in any format, including an electronic format." *Id.* §

552(f)(2)(A). Agencies must "make reasonable efforts to search" for such records. *Id.* §

552(a)(3)(C).

18.     "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S.

Dep't of Just.*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires agencies to "promptly"

fulfill records requests. 5 U.S.C. § 552(a)(3)(A). In general, an agency must "determine" whether

to comply with a FOIA request within twenty working days of receiving the request, and it must

"immediately notify" the requester of this determination. *Id.* § 552(a)(6)(A)(i). The act of

making—and notifying the requester of—this decision is often called an "initial determination."

19.     Records may be provided concurrently with, or promptly after, the initial

determination. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180,

188 (D.C. Cir. 2013).

20.     The "initial determination" notification must include information regarding

(1) the determination about whether the agency will comply with the records request "and the

reasons therefor," (2) the requester's right to seek assistance from the agency's FOIA Public

Liaison, and (3) if the agency decides it will not provide some or all of the requested records, the

requester's right to appeal the determination and seek dispute resolution. *See* 5 U.S.C. §
552(a)(6)(A)(i).

21.    Such "initial determinations" under FOIA Section 552(a)(6)(A)(i) "must be
more than just an initial statement that the agency will generally comply with a FOIA request
and will produce non-exempt documents and claim exemptions in the future." *Citizens for Resp.
& Ethics in Wash.*, 711 F.3d at 188. Instead, to make a "determination" under FOIA, "the agency
must at least: (i) gather and review the documents; (ii) determine and communicate the scope of
the documents it intends to produce and withhold, and the reasons for withholding any
documents; and (iii) inform the requester that it can appeal whatever portion of the
'determination' is adverse." *See id.*

22.    In "unusual circumstances," an agency may extend its twenty working day
deadline for requests by ten working days by providing timely written notice to the requester. *Id.*
§ 552(a)(6)(B)(i).

23.    If an agency fails to make and communicate its "determination" within the
relevant statutory timelines, the requester "shall be deemed to have exhausted his administrative
remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i).

24.    "This constructive exhaustion provision allows a requester to break out of the
administrative process and proceed directly to federal court in the face of an unresponsive
agency." *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013).

25.    Once a requester has exhausted administrative remedies with respect to the
request, the requester may immediately seek declaratory and injunctive relief in the district
where the requester's principal place of business is located. 5 U.S.C. § 552(a)(6)(C)(i). "Put
simply, if an agency does not respond to a request within twenty working days after receiving it,
the requester may typically commence litigation." *Coleman*, 714 F.3d at 823.

## FOIA Regulations

26.     The Department of Interior ("DOI") has promulgated FOIA regulations at 43 C.F.R. Part 2. These regulations confirm that "the bureau [FWS] has 20 workdays (including the date of receipt) to determine whether to comply with a request." 43 C.F.R. § 2.16(a).

27.     If FWS determines that a request will take longer than ten days to process, it issues a "written acknowledgment" that contains a tracking number. 43 C.F.R. § 2.21. The DOI FOIA regulations make clear that this "written acknowledgement" provided to a requester upon receipt of a FOIA request is distinct from a "determination." *Id*. A determination would instead include information regarding any fees to be charged, whether the agency grants the request, 43 C.F.R. § 2.22, and any reasons for a denial, *id*. at § 2.24.

28.     Like the FOIA statute, DOI's regulations specify that the unusual circumstances exception to the statutory deadlines may only be invoked after written notification to the requester. 43 C.F.R. § 2.19(a). "If the processing time will extend beyond a total of 30 workdays" (the original twenty plus the ten-day extension), FWS is required to give the requester an opportunity to limit the scope of their request or work with the FOIA Public Liaison. *Id*. at § 2.19(b).

## **FACTUAL BACKGROUND**

### SELC's FOIA Request

29.     The FOIA Request at issue here concerns three reports prepared or issued by FWS or the Interagency Coastal Wetlands Workgroup, of which FWS is a member, or both.

30.     The Interagency Coastal Wetlands Workgroup "consists of representatives from the U.S. Environmental Protection Agency, the U.S. Army Corps of Engineers, the U.S. Fish and Wildlife Service, the National Oceanic and Atmospheric Administration, the U.S. Geological

Survey, the Natural Resources Conservation Service, and the Federal Highway Administration."
INTERAGENCY COASTAL WETLANDS WORKGROUP, EPA-840-R-22001, RECOMMENDATIONS FOR
REDUCING WETLAND LOSS IN COASTAL WATERSHEDS OF THE UNITED STATES, at 1 (2022). It
"was formed to help identify the causes of [wetlands] losses and to develop strategies to address
them." *Id*.

31.     The first report that is the subject of the FOIA Request is entitled "Coastal
Wetland Pilot Project Cape Fear Coastal Watershed NC Summary Report" (hereinafter, the "NC
Summary Report"). The NC Summary Report was prepared by the Interagency Coastal Wetlands
Workgroup and finalized in or before 2022. The NC Summary Report was, upon information and
belief, a final report as of 2022 because, among other things, it was cited as a source in another
report entitled "Recommendations for Reducing Wetland Loss in Coastal Watersheds of the
United States" prepared by the Interagency Coastal Wetlands Workgroup, which was itself
issued in 2022.

32.     The second report that is the subject of the FOIA Request is entitled "Status and
Trends of Wetlands in the Conterminous United States 2009-2019: Report to Congress" and was
prepared by FWS and issued in 2024 (hereinafter referred to as "Status and Trends 2009-2019
Report").

33.     The third report that is the subject of the FOIA Request is entitled "Status and
Trends of Wetlands in the Conterminous United States 2019-2029: Report to Congress,"
(hereinafter referred to as "Status and Trends 2019-2029 Report"). Upon information and belief,
this report is currently being prepared by FWS in preparation for its congressionally mandated
deadline. 16 U.S.C. § 3931(a)(4).

34.     On January 16, 2025, SELC submitted its FOIA Request via FWS's Freedom of

Information Act online portal, and FWS acknowledged receipt via an email on the same date and

assigned it tracking control number DOI-2025-003093. Though the email stated, "See attached

letter," no letter was actually attached. That acknowledgement is attached hereto as Exhibit 2.

35.    A courtesy copy was also provided via email to Rusty Griffin and Megan Lang

of FWS, and Ms. Lang acknowledged receipt on the same date. That acknowledgement is

attached hereto as Exhibit 3.

36.    SELC's FOIA Request asked for (1) a copy of the NC Summary Report; (2) "all

records of the 'extensive conversations'" and "site visits" that were conducted in preparing the

NC Summary Report (as described on p. 21 of a report entitled "Recommendations for Reducing

Wetland Loss in Coastal Watersheds of the United States"); (3) "all communications regarding

the content, release, and withholding" of the NC Summary Report; (4) "all underlying data and

information" supporting the NC Summary Report; (5) all guidance documents "establishing

policies and procedures governing or otherwise related to" the preparation of the recurring

congressionally-mandated reports on status and trends in wetlands in the conterminous United

States; (6) all external communications regarding the Status and Trends 2009-2019 Report that

"provid[ed] direction or control of [the report's] content;" (7) all "internal and external

communications," and "all data collected" to date, regarding the preparation of the Status and

Trends 2019-2029 Report; and (8) "all records related to efforts to quantify the monetary value"

of wetlands and benefits provided by wetlands. Exhibit 1.

37.    In its FOIA Request, SELC explained that the requested materials "would

contribute significantly to public understanding of the environmental values and benefits

attributable to wetlands, the environmental impacts of wetlands destruction and loss, and current

understanding and predictions of wetlands losses." Exhibit 1.

8

38.     SELC also noted in its FOIA Request that it "intends to use the requested records to glean a greater understanding of the value of and impacts to wetlands" and that it "may use the information to advocate for protections of wetlands." Exhibit 1.

39.     On January 29, 2025, Matthew Sullivan, FWS's Government Information Specialist, sent SELC an email with a letter attached that acknowledged for the second time FWS's receipt of the FOIA Request (hereinafter referred to as the "January 29 Acknowledgement"). The January 29 Acknowledgement is attached hereto as Exhibit 4.

40.     In the January 29 Acknowledgement, FWS notified SELC that the FOIA Request had been placed in the "Complex" processing track and stated that "we expect that we will dispatch a determination to [SELC] by April 14, 2025."

41.     In the January 29 Acknowledgement, FWS granted SELC's request for a fee waiver.

42.     In the January 29 Acknowledgement, FWS did not indicate that it had gathered and reviewed any records responsive to the FOIA Request.

43.     In the January 29 Acknowledgement, FWS did not communicate the scope of records that it intends to produce in response to the FOIA Request.

44.     In the January 29 Acknowledgement, FWS did not invoke any statutory exemptions under FOIA for withholding any responsive records.

45.     The January 29 Acknowledgement is not a determination within the meaning of 5 U.S.C. § 552(a)(6)(A).

46.     To date, SELC has received no further communication from FWS about the FOIA Request. FWS has not contacted SELC to provide an initial determination, a notification of unusual or exceptional circumstances or a rationale for any extension of time, any responsive

9

records, or any updates about the FOIA Request.

**SELC's Exhaustion of Administrative Remedies**

47.     Twenty working days after FWS's initial acknowledgement on January 16, 2025, was February 14, 2025, and twenty working days after the second acknowledgement on January 29, 2025, the latest day the FOIA Request could be considered received, was February 27, 2025.

48.     Pursuant to FOIA, FWS was therefore required to respond to SELC with an initial determination by February 14, 2025, or, at the latest, February 27, 2025.

49.     More than twenty working days have passed since the FOIA Request was received and acknowledged by FWS.

50.     FWS has failed to make a "determination" on SELC's FOIA Request within twenty working days of receipt of the FOIA Request.

51.     FWS has not made or communicated an initial determination regarding the FOIA Request, nor has it released any records as of the date this complaint was filed.

52.     FWS has not, at any point since the FOIA Request was submitted, notified SELC of a determination whether or to what extent it plans to comply with the request, much less any reasons for withholding any of the requested records.

53.     Upon information and belief, FWS is in possession or control of records responsive to SELC's FOIA Request, but has not searched for, gathered, nor reviewed these records.

54.     Upon information and belief, FWS has not determined or communicated the scope of documents it intends to produce and withhold.

55.     Though FWS expressed an expectation that it would "dispatch a determination to [SELC] by April 14, 2025," nearly three months have passed since that date with no further

communication by FWS. Moreover, neither in announcing the April 14 date nor in any other

communication, FWS has not formally notified SELC that the FOIA Request cannot be

processed within FOIA's twenty working day time limit, nor has it informed SELC of any

unusual or exceptional circumstances that would warrant any modest extension of this time limit

permitted by FOIA.

## **CLAIM FOR RELIEF**

### **Violation of the Freedom of Information Act**

56.    SELC incorporates by reference all preceding paragraphs.

57.    FWS was required to make an initial determination regarding SELC's FOIA

Request and communicate this determination to SELC by February 14, 2025, twenty working

days from its initial receipt and acknowledgement of the FOIA Request or, at the latest, by

February 27, 2025, twenty working days from the date of its second acknowledgement.

58.    The statutory deadline for FWS to make an initial determination has passed. Yet,

as of the time of filing this complaint, FWS has provided neither an initial determination nor

responsive records to SELC nor a legally sufficient rationale for delay.

59.    FWS's only response to the FOIA Request to date has been two

acknowledgements of receipt, neither of which constitutes an "initial determination" pursuant to

FOIA and DOI regulations.

60.    FWS has violated FOIA by failing to make a timely "determination" on SELC's

FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i) and 43 C.F.R. §§ 2.14 – 2.19.

61.    FWS has violated FOIA by failing to make reasonable efforts to search for

records responsive to SELC's requests as required by 5 U.S.C. § 552(a)(3)(C) and 43 C.F.R. §

2.12.

62.     FWS has violated FOIA by failing to provide SELC with all non-exempt records responsive to SELC's FOIA Request as required by 5 U.S.C. § 552(a)(8)(A) and 43 C.F.R. § 2.22.

63.     FWS has violated FOIA by delaying its response and withholding documents without providing SELC with an explanation of any unusual or exceptional circumstances to justify its delay or identifying any statutory exemption to justify withholding, as required by 5 U.S.C. §§ 552(a)(6), (a)(4), and 43 C.F.R. §§ 2.19, 2.24.

64.     By failing to make a timely "determination," conduct a reasonable search, and provide SELC with all non-exempt records responsive to its FOIA Request, FWS has denied SELC's right to information as provided under FOIA. *See* 5 U.S.C. § 552.

65.     Unless it is enjoined by this Court, FWS will continue to violate SELC's legal right to be timely provided with the information that SELC asked for in its FOIA Request.

66.     SELC is directly and adversely affected and aggrieved by FWS's failure to provide an initial determination and responsive records to its FOIA Request, as described above.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff SELC respectfully requests that this Court:

A.     DECLARE that FWS has violated and is continuing to violate FOIA by failing to make a timely "initial determination" on SELC's Request as required by FOIA and DOI FOIA regulations;

B.     DECLARE that FWS has violated and is continuing to violate FOIA by failing to make reasonable efforts to search for records in response to SELC's FOIA Request as required by FOIA and DOI FOIA regulations;

C.     DECLARE that FWS has violated and is continuing to violate FOIA by failing to

provide SELC with all documents responsive to SELC's Request as required by FOIA and DOI

FOIA regulations;

D.    ORDER FWS to search for and provide all responsive documents to SELC's FOIA

Request without further delay;

F.    ORDER FWS to produce an index identifying any documents or parts thereof that

it intends to withhold and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and (b),

in the event that FWS determines certain responsive records are exempt from disclosure;

G.    RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of

FWS's search for responsive documents or on assertions by the agency that any responsive

documents are exempt from disclosure;

H.    AWARD Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. §

552(a)(4)(E); and

I.    GRANT Plaintiff any other relief the Court deems just and proper.

Respectfully submitted this 14th day of July, 2025.

/s/ Katherine Coffey
Katherine Coffey
Virginia Bar Number: 99602
Attorney for Plaintiff
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
Telephone: (434) 977-4090
Email: kcoffey@selc.org

/s/ Julia F. Youngman
Julia F. Youngman
North Carolina Bar Number: 21320
Attorney for Plaintiff (*pro hac vice forthcoming*)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Email: jyoungman@selc.org